**MODERN CONSTRUCTORS, INC., Appellant,**

*v.*

**CONTINENTAL CASUALTY COMPANY, Appellee.**

**No. 94–1132.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1994.

Decided Oct. 20, 1994.

**378**

Robert H. Magie, Duluth, MN, for appellant.

Robert L. Graff, Minneapolis, MN (Joseph W.E. Schmitt and Charles E. Spevacek, on the brief), for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

ROSS, Senior Circuit Judge.

Appellant Modern Constructors, Inc. (Modern) commenced this declaratory judgment action against Continental Casualty Company (Continental), its comprehensive general liability insurer. Modern sought a declaration of coverage for its potential liability in an underlying CERCLA action in which it is a third-party defendant. In that action, Modern, as a source of waste oil, has been sued by the United States for costs associated with the cleanup of Arrowhead Refinery, a contaminated waste site in St. Louis County, Minnesota. Continental moved for summary judgment on the basis that the pollution exclusion in the insurance policy bars coverage for the underlying CERCLA claim. The district court [1] granted Continental's motion, concluding that the pollution exclusion unambiguously precludes coverage and that the "sudden and accidental" exception to the exclusion does not apply because the release of pollutants took place gradually over a period of many years. Based on a recent decision by the Minnesota Supreme Court interpreting the "sudden and accidental" exception, we affirm.

■ The insurance policies issued to Modern each contain a pollution exclusion which bars coverage for any damage resulting from the discharge or release of contaminants or pollutants into or onto the land, water or air. The policies specifically provide, however, that the pollution exclusion does not apply if "such discharge, dispersal, release or escape is sudden and accidental." It is this latter term, "sudden and accidental," that is at issue here.

Modern contends the "sudden and accidental" language is ambiguous and does not require the release to be temporally abrupt for the exception to apply. Instead, it argues that "sudden and accidental" allows coverage if the environmental damage was "unexpected or unintended," even if it occurred over a lengthy period of time. The district court rejected this argument, finding instead that the term "sudden and accidental" carries a temporal definition and thus only applies when the discharge of pollutants occurs abruptly. Since the district court issued its decision herein, the Minnesota Supreme Court has interpreted the "sudden and accidental" exception and that decision is now controlling in the present case.

In *Board of Regents v. Royal Ins. Co.*, 517 N.W.2d 888 (Minn.1994), the Minnesota Supreme Court considered a pollution exclusion similar to that at issue here. The Minnesota Supreme Court held that "sudden" has a temporal connotation, meaning abrupt or the opposite of gradual. *Id.* at 892. The court refused to construe "sudden" to mean "unexpected," noting that such connotation would create a redundancy with "accidental." Therefore, the court held that the "sudden and accidental" exception to the pollution exclusion does not apply to the gradual release of asbestos fibers over a period of some twenty years. *Id.*

■ Based on the Minnesota Supreme Court's interpretation of the "sudden and accidental" exception, we conclude that the exception does not apply in the present case to the gradual release of contaminants over a period of many years. Accordingly, the judgment of the district court granting summary judgment in favor of Continental is affirmed.

---

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.